### DARTEZ v. CASTLE.
### No. 1115.

Court of Appeal of Louisiana. First Circuit. Jan. 24, 1933.

Hawkins & Pickrel, of Lake Charles, for appellant.

M. R. Stewart, of Lake Charles, for appellee.

**MOUTON, J.**

The following opinion and decree were rendered herein in favor of plaintiff for $85 by the judge of the city court of Lake Charles:

"This is an action for damage alleged to have been suffered by plaintiff in an automobile collision occurring on the evening of

December 25, 1931, between a car driven by plaintiff's son and a car owned and driven by O. H. Castle, said collision occurring at the intersection of Shattuck and Martha Streets in the City of Lake Charles, Louisiana.

"Plaintiff alleges and contends that his car was traveling west on Martha Street and that defendant's car was traveling east on Martha Street and that the two cars collided near the northwest corner of the intersection of Martha and Shattuck Streets, and that the accident and resulting damage was entirely due to the fact that defendant was driving on the wrong side of the street and at an excessive rate of speed.

"Defendant denies the allegations and contentions of plaintiff, alleging that his car was traveling south on Shattuck Street and plaintiff's car was traveling north on Shattuck Street and that the collision occurred near the southwest corner of the intersection of Shattuck and Martha Streets and was entirely due to the fact that plaintiff made a sharp and sudden turn to the left in front of defendant's car; defendant contending that the collision and resulting damage was due entirely to plaintiff's car making a sudden and illegal turn west into Martha Street in a manner and under such conditions as to run into and damage the car of defendant and cause defendant to suffer bodily injuries. Defendant reconvenes for the amount of damage alleged to have been suffered by him.

"It is agreed that the accident happened after dark, sometime between the hours of six-thirty and eight o'clock P. M. on the evening of December 25, 1931.

"The evidence introduced in this case is unusually conflicting both as to actual happenings and physical facts viewed by the witnesses following the collision. Witnesses for plaintiff testify emphatically that their examination of the scene immediately following the collision showed that the cars had collided north of the center of Martha Street and west of the center of Shattuck Street, testifying that this point of contact is proven by skid marks on the street and by the evidence of oil and water on the gravel. Defendant's witnesses who viewed the scene of the accident after the collision testified positively that skid marks on the road, oil, water and broken glass on the road indicated clearly that the collision took place south of the center of Martha Street and west of the center of Shattuck Street. There seems to be no way of reconciling the testimony of these witnesses who viewed the scene of the accident after the collision. The surface of the intersection of these two streets was apparently badly torn up as a result of this collision and the Court is of the opinion that it was very difficult for any one to accurately tell how the collision happened from merely viewing the skid marks and oil evidences left on the surface of the streets at this intersection.

"It seems to be undisputed that both cars were rather badly damaged, their radiators broken and that both leaked oil either at the time of or immediately following the collision. It is further established that the two cars came to rest after the collision south of the center of Martha Street; there being some dispute as to whether they were east or west of the center of Shattuck Street. The Court is convinced that one, and possibly both, of said cars came to rest after the collision west of the center of Shattuck Street and south of the center of Martha Street. The Court is of the opinion that this fact would result in there being a deposit of oil at or about the spot designated on plat marked 'D 3,' which was prepared by —— White, Civil Engineer.

"The positions in which the two cars are proven to have come to rest following the collision are difficult to reconcile with the theory as to how this collision occurred offered by either plaintiff or defendant, but the Court cannot say that it would have been impossible for these cars to have come to rest in the various positions testified to under the theory of either plaintiff or defendant in this case.

"Owing to the unreconcilable conflict in the evidence introduced in this case, the Court is of the opinion that plaintiff should recover in the event he has established, by a preponderance of the evidence, that the cars involved in the collision were traveling east and west on Martha Street rather than north and south on Shattuck Street, as contended by defendant.

"Defendant is positive that he did not drive west on Martha Street as alleged by plaintiff, but that he was driving south on Shattuck Street just prior to and at the time of the accident. While no intoxication was pleaded in this case, yet the question of defendant's intoxicated condition was opened up by the introduction of evidence which was not objected to by defendant. However, the evidence introduced failed to show that defendant was intoxicated or had been drinking intoxicating liquor.

"No logical reason was advanced by any one as to why either plaintiff's or defendant's car should have been traveling on Martha Street, but the failure to introduce such evidence is negative and proves nothing. Defendant's denial that he was traveling east on Martha Street just prior to and at the time of the collision stands alone and unsupported by any eye witness, whereas there are three witnesses, in addition to the two boys riding in plaintiff's car, who testify that they saw defendant traveling east on Martha Street just prior to the collision. The young Demarest boy, who was brought from school

to testify for plaintiff in rebuttal, was shown to have been a distant relative of plaintiff, but the Court was impressed with this boy's manner of testifying and believes that he was truthfully telling what he saw. None of the other witnesses produced by plaintiff, who claimed to have seen defendant traveling east on Martha Street just prior to the accident, were in any manner related to plaintiff and the Court finds no reason to hold that these witnesses were knowingly testifying falsely in this case.

"This being true, the Court is of the opinion that plaintiff has established his allegations in this respect by a preponderance of the evidence.

"This being true the plaintiff is entitled to recover in this case because there is no plea of contributory negligence and no evidence sought to be introduced in support thereof.

"The evidence shows that plaintiff's car was a used or second hand car at the time he purchased it for the sum of Three Hundred seventy-five ($375.00) Dollars eighteen months prior to the time of this accident. The evidence as to the condition and value of plaintiff's car at the time of the accident is so conflicting that the Court believes that substantial justice will be done in this case by accepting the approximate blue book value shown to have been possessed by this car at the time it was wrecked."

The opinion is full and gives a thorough, just, and fair analysis of the evidence in this case which involves pure questions of fact.

We have read the testimony in the record with the utmost care, and have been unable to find any error in the findings below.

There is certainly no manifest error to authorize a reversal.

Judgment affirmed.